UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HUNTER CHASE LEARNARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:25-cv-00492-SDN |
| | ) |
| OFFICER RIOADEALI, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER
REVIEW OF PLAINTIFF'S COMPLAINT**

Plaintiff, who is evidently serving a sentence at the Mountain View Correctional Facility, asserts this action based on an incident that occurred on July 29, 2025, while he was in custody. (Complaint, ECF No. 1.)

In addition to his complaint, Plaintiff filed an application to proceed without prepayment of fees (ECF No. 2), which application the Court granted. (Order, ECF No. 3.) In accordance with the statute that governs actions where a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

After a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

## FACTUAL ALLEGATIONS

Plaintiff alleges that when he was undressed in the shower on July 29, 2025, Defendant Rioadeali, a corrections officer, entered the shower area and asked for Plaintiff's identification. According to Plaintiff, Defendant Rioadeali looked at him "up and down," and "got in [his] personal space." (Complaint at 4.) Plaintiff felt "scared and uncomfortable" as he was concerned about Defendant Rioadeali's intentions. (*Id.*) Plaintiff and two other residents who were present demanded that Defendant Riodeali leave the area. (*Id.*)

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to § 1915, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Plaintiff's allegations can reasonably be construed as an attempt to allege a violation of his right to privacy, which is protected by the Fourth Amendment. "Although prisoners experience a reduction in many privileges and rights, a prisoner 'retains those [constitutional] rights that are not inconsistent with his status as a prisoner or with the legitimate penological objective of the corrections system,'" *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009) (quoting *Turner v. Safley*, 482 U.S. 78, 95 (1987)), a category which includes the right to privacy regarding prisoners' persons or bodies. *Cookish v. Powell*, 945 F.2d 441, 446 (1st Cir. 1991). "Courts must consider the scope of

the particular intrusion, the manner in which it was conducted, the justification for initiating it, and the place in which it was conducted." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979).

As the Seventh Circuit noted, "monitoring of naked prisoners is not only permissible but also sometimes mandatory," such as preventing the smuggling of drugs or weapons inside the body. *Hamilton v. English*, No. 3:23-CV-1-DRL-MGG, 2023 WL 144822, at *1 (N.D. Ind. Jan. 10, 2023) (modifications omitted) (quoting *Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995), overruled in part by *Henry v. Hulett*, 969 F.3d 769 (7th Cir. 2020)). As to showers generally, the Second Circuit determined that prisoners have "no expectation of privacy in the use of prison showers." *Telesford v. Annucci*, 693 F. Appx 1, 3 (2d Cir. 2017). Indeed, the use of a camera to monitor prisoners has been deemed constitutionally permissible. *See e.g., Sweet v. Magarian*, 52 Fed. Appx 419 (9th Cir. 2002); *Cable v. Wa II*, No. 09-439 ML, 2010 WL 1486494 (D. Conn. Mar. 18, 2020).

Here, Plaintiff alleges that on one occasion for a relatively short period of time, Defendant Rioadeali looked at him in the shower. Regardless of whether prisoners have some level of expectation of privacy in the prison shower, Plaintiff's allegations are insufficient to support an actionable Fourth Amendment claim.

Plaintiff also alleges that he called the PLRA (Prison Litigation Reform Act) hotline after the incident and that subsequently he was "written up" to stop him from pursuing the case. (Complaint at 2.) To state a First Amendment retaliation claim, the plaintiff "must show that [the plaintiff] engaged in protected activity, that defendants took an adverse action against [the plaintiff] that would deter a [person] of ordinary firmness from

4

continuing to engage in that conduct, and that there is a causal link between the protected activity and the adverse action." *Turner v. Wall*, No. 18-1869, 2020 WL 5543935, at *1 (1st Cir. May 5, 2020).

Even if the call to the hotline constitutes protected activity and that the alleged discipline constitutes adverse action, the allegations are insufficient to support a claim because they would not support a finding of causation or retaliatory motive. Plaintiff has not provided any facts regarding the substance of his communication, to whom the communication was made, or who was responsible for the alleged discipline he experienced. Without more, "the Complaint does not 'support a fact-based inference' that the . . . Defendants' actions were anything other than routine actions undertaken by [government] officials in the exercise of their responsibilities." *Powell v. City of Pittsfield*, No. CV 18-30146-MGM, 2020 WL 7700123, at *10 (D. Mass. June 29, 2020) (assuming adverse consequences followed protected speech but finding insufficient support to infer retaliatory motive) (quoting *Campagna v. Massachusetts Department of Environmental Protection*, 334 F.3d 150, 155 (1st Cir. 2003) and citing *Air Sunshine, Inc. v. Carl*, 663 F.3d 27, 36 (1st Cir. 2011)).

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered

pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of January, 2026.