UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| HUNTER CHASE LEARNARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-cv-00492-SDN |
| | ) | |
| OFFICER RIOADEALI et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

In this matter, Plaintiff Hunter Chase Learnard, an inmate at Mountain View Correctional Facility, sued correctional Officer Rioadeali and other defendants based on events that occurred while Plaintiff was in custody. ECF No. 1. Specifically, Mr. Learnard alleges on July 29, 2025, while he was undressed and showering, Officer Rioadeali entered the shower, looked at Mr. Learnard "up and down," and asked for his identification. *Id*. at 4. Mr. Learnard further asserts he called the Prison Litigation Reform Act ("PLRA") hotline following the incident and prison officials subsequently "wrote [him] up" to stop him from further pursuing his case. *Id*. at 2.

Upon her preliminary review of the complaint, the Magistrate Judge reasonably construed Mr. Learnard's claim[1] regarding the July 29, 2025, incident as a violation of his right to privacy as protected by the Fourth Amendment. ECF No. 7 at 3. Under that framework, the Magistrate Judge considered the body of existing case law regarding an inmate's expectation of privacy in correctional settings and found that the relatively short amount of time Mr. Learnard alleges Officer Rioadeali looked at him in the shower was

---

[1] The Court construes a pro se complaint and any claims therein "liberally," and accordingly holds the claims "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

insufficient to support an actionable Fourth Amendment violation of privacy claim. *See id.* at 3–4 (collecting cases regarding an inmate's expectation of privacy and the legitimate penological objectives of monitoring inmates). The Magistrate Judge further construed Mr. Learnard's allegations regarding his PLRA hotline report as a First Amendment retaliation claim and concluded Mr. Learnard had failed to state sufficient allegations to establish the required causation or retaliatory motive. *Id.* at 5 ("Plaintiff has not provided any facts regarding the substance of his communication, to whom the communication was made, or who was responsible for the alleged discipline he experienced."). Accordingly, the Magistrate Judge recommended dismissing Mr. Learnard's complaint in its entirety.

Mr. Learnard subsequently filed a Notice with the Court, primarily consisting of prior Maine Department of Corrections Resident Grievance Forms and Disciplinary Incident Reports. ECF No. 8. Mr. Learnard does not further explain the contents of these documents or their connection to his instant lawsuit, aside from stating that the documents represent "proof they wrote [him] up after this matter happen[ed] at MCC." *Id.* at 1. In his Notice, Mr. Learnard did not identify any specific errors in the Magistrate Judge's legal reasoning or conclusions in dismissing his complaint.

On April 14, 2026, this Court liberally construed Mr. Learnard's filing as a request to amend his prior complaint with additional factual information regarding his prior grievances and any alleged discipline he received as a result. The Court ordered Mr. Learnard to file an amended complaint "incorporating any additional factual information previously filed" by April 28, 2026. ECF No. 10. That deadline has since passed, and Mr. Learnard has not filed any amended complaint or objection to the Magistrate Judge's Recommended Decision.

Notwithstanding the parties' waiver, I have reviewed and considered the Magistrate Judge's Recommended Decision in light of the record. I concur with the Magistrate Judge's conclusions as set forth in her Recommended Decision and determine that no further proceeding is necessary. Mr. Learnard's filing of his Notice following the Recommended Decision does not address the Magistrate Judge's conclusion regarding his violation of privacy claim whatsoever. Even if this Court were to construe the filing as an objection to the Recommended Decision, the additional factual information provided, without further explanation, does not overcome the pleading deficiency in Mr. Learnard's retaliation claim previously identified by the Magistrate Judge.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's Recommended Decision, ECF No. 7, is **ADOPTED** and **AFFIRMED** in its entirety. Mr. Learnard's complaint, ECF No. 1, is accordingly **DISMISSED**.

SO ORDERED.

Dated this 4th day of June, 2026.

/s/ Stacey D. Neumann
UNITED STATES DISTRICT JUDGE